UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANDREW RUSSELL,   )  <br> ) <br>     Plaintiff,   ) <br> ) <br> v.   ) <br> ) Civil Action No. _____ <br> ) <br> EGG SYSTEMS SOUTHEAST   ) <br> INCORPORATED AND JOSEPH   ) JURY TRIAL DEMANDED <br> EGG,   ) <br> ) <br>     Defendants.   ) <br> _____   ) | |

## COMPLAINT

Plaintiff Andrew Russell, by and through his undersigned counsel, respectfully submits this Complaint against Defendants Egg Systems Southeast Incorporated and Joseph Egg. For his causes, Plaintiff states as follows:

### Jurisdiction and Venue

1. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

2. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Defendants own and operate a heating and cooling company in

this judicial district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## The Parties

3. Defendant Egg Systems is a corporation with its principal place of business in Suwanee, Georgia.

4. Defendant Egg Systems operates a heating and cooling company where Plaintiff worked.

5. At all times relevant to this action, Defendant Egg Systems was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

6. At all times relevant to this action, Defendant Egg was Defendant Egg Systems's owner, acted in the interest of an employer toward Plaintiff, exercised responsibility and control over Plaintiff's compensation and terms of employment, including hiring and terminating Plaintiff, and was a corporate officer with operational control of the corporation's covered enterprise.  Therefore, Defendant Egg may be held liable in his individual capacity as an "employer" for Defendant Egg Systems's FLSA violations.

7. Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) during the relevant period.

8. Plaintiff worked for Defendant as an HVAC/R Service Technician from 2015 until the termination of his employment in November 2016.

## Factual Allegations

9. Plaintiff was a non-exempt employee within the meaning of 29 U.S.C. § 203(e) during his employment with Defendants.

10. During Plaintiff's employment with Defendants, Defendants regularly compensated Plaintiff on an hourly basis.

11. During Plaintiff's employment with Defendants, Plaintiff regularly worked more than forty hours in each workweek.

12. During Plaintiff's employment with Defendants, Plaintiff often worked hours for which he was not properly compensated.

13. Specifically, Defendants paid Plaintiff a straight hourly rate for all of the hours during which he performed compensable work, including for the hours Plaintiff worked over forty in each workweek.

14. In an effort to obscure Plaintiff's entitlement to overtime compensation on Plaintiff's pay stubs, Defendants split the hours that Plaintiff worked into several different categories, including "regular pay," "travel," and

"other earn." No matter how many hours Plaintiff worked in a workweek, Defendants paid him at his regular hourly rate for all of the hours listed on his pay stubs.

15. Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not properly compensated.

16. Defendants have willfully and intentionally failed and/or refused to properly compensate Plaintiff.

17. Plaintiff has given his written consent to join in this action under the FLSA. His Consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT I: Violation of the Fair Labor Standards Act

18. Plaintiff re-alleges paragraphs 1 through 17 above and incorporates them here by reference.

19. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

20. Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

21. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

WHEREFORE, Plaintiff prays for the following relief: the unpaid overtime compensation due under the FLSA at one and a half times his applicable regular rate for all hours worked in excess of forty (40) per week in an amount to be determined at trial; an equivalent amount as liquidated damages; pre- and post-judgment interest; reasonable counsel fees and costs; and such further and appropriate relief as the Court may deem necessary.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues deemed so triable.

Dated: December 14, 2016          Respectfully submitted,

By: /s/ Andrew Weiner
Andrew Weiner, Bar No. 808278
aw@atlantaemployeelawyer.com
Jeffrey Sand, Bar No. 181568

js@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Rd., 7 Piedmont Ctr.
3rd Fl.
Atlanta, GA  30305
(404) 254-0842
(866) 800-1482 (f)

Counsel to Plaintiff